# PROMISSORY NOTE

$145,000.00                                                                                         December 16, 2015

FOR VALUE RECEIVED, the undersigned, **BRICKYARD HOLDINGS, LLC**, a Georgia limited liability company ("**Borrower**") promises to pay to the order of ROBERT NORLAND ("**Lender**") in lawful money of the United States of America, at its office indicated above or wherever else Lender may specify, the sum of One Hundred Forty Five Thousand and 00/100 Dollars ($145,000.00), or such sum as may be advanced and outstanding from time to time, together with interest on the outstanding unpaid principal balance from the date hereof until December 31, 2016 (the "**Maturity Date**"), at interest rate as set forth herein below (the "**Interest Rate**") upon the terms set forth herein (including all renewals, extensions or modifications hereof, this "**Note**").

**USE OF PROCEEDS.** Borrower shall use the proceeds of the loan(s) evidenced by this Note for the commercial purposes of Borrower, as follows: Purchase of membership shares of Core Ventures, LLC and Powertrain Solutions, LLC

Beginning on January 1, 2016, and on the first day of every month thereafter, Borrower will make a payment of $4,000.00 per month to be deducted from the principal amount. The full remaining balance of principal and interest accrued under this Note shall be paid in full to Lender prior to or upon the Maturity Date.

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs and as long as a Default continues, all outstanding Obligations between Borrower and Lender or its affiliates, shall bear interest at the rate of 16.00% per annum based on the 365/360 Computation ("**Default Rate**"). However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law. The Default Rate shall also apply from acceleration until the Obligations or any judgment thereon is paid in full.

**APPLICATION OF PAYMENTS.** Monies received by Lender from any source for application toward payment of the Obligations shall be applied to accrued interest and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order deemed appropriate by Lender.

If any payment received by Lender under this Note or other Loan Documents is rescinded, avoided or for any reason returned by Lender because of any adverse claim or threatened action, the returned payment shall remain payable as an obligation of all persons liable under this Note or other Loan Documents as though such payment had not been made.

**ADDITIONAL DEFINITIONS.** The term "**Loan Documents**", as used in this Note and the other Loan Documents, refers to all documents executed in connection with or related to the loan evidenced by this Note and any prior notes which evidence all or any portion of the loan evidenced by this Note, and any letters of credit issued pursuant to any loan agreement to which

**EXHIBIT A**

this Note is subject, any applications for such letters of credit and any other documents executed in connection therewith or related thereto, and may include, without limitation, a commitment letter that survives closing, a loan agreement, this Note, guaranty agreements, security agreements, security instruments, financing statements, mortgage instruments, any renewals or modifications, whenever any of the foregoing are executed, but does not include swap agreements (as defined in 11 U.S.C. § 101, as in effect from time to time). The term **"Obligations"**, as used in this Note and the other Loan Documents, refers to any and all indebtedness and other obligations under this Note, all other obligations under any other Loan Document(s), and all obligations under any swap agreements (as defined in 11 U.S.C. § 101, as in effect from time to time) between Borrower and Lender, or its affiliates, whenever executed. All terms that are used but not otherwise defined in any of the Loan Documents shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 10.00% of the unpaid portion of the regularly scheduled payment or $100.00, whichever is greater, regardless of any partial payments Lender has received, said late charge being intended as liquidated damages in lieu of actual damages and not as a penalty.

Acceptance by Lender of any late payment without an accompanying late charge shall not be deemed a waiver of Lender's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of Lender's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' fees actually incurred, and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

**USURY.** If at any time the effective interest rate under this Note would, but for this paragraph, exceed the maximum lawful rate, the effective interest rate under this Note shall be the maximum lawful rate, and any amount received by Lender in excess of such rate shall be applied to principal and then to fees and expenses, or, if no such amounts are owing, returned to Borrower.

**DEFAULT.** The occurrence of any one or more of the following events shall constitute an "**Event of Default**" (each such event being referred to as a "**Default**") hereunder:

(a) Non-payment of principal or interest due, as applicable, under this Note or any other sum due or otherwise advanced pursuant to any Loan Document by the tenth day of the month following the date said amount is due (a "**Monthly Payment Default**"), provided that Lender shall provide Borrower with 10 days notice, as specifically described in the Loan Documents, to cure a monetary default; or

(b) Failure to perform or comply with any duty, covenant or obligation of Borrower under this Note or under any Loan Document or any other default by Borrower thereunder (with the exception of a Monthly Payment Default provided for in subparagraph (a) above), including but not limited to, breach of any due-on-sale, due-on-transfer or due-on-encumbrance provisions contained in any Loan Document, provided that Lender

   shall provide Borrower with 30 days notice, as specifically described in the Loan Documents, to cure a non-monetary default; or

(c) The adjudication of Borrower as a bankrupt or insolvent; the entry of any order appointing a receiver for Borrower or for all or any part of their property; entry of an order approving a petition seeking reorganization of Borrower or other similar relief under the bankruptcy or other similar laws of the United States of America or any other competent jurisdiction; the filing by Borrower of a petition seeking any of the foregoing or consenting to any of the foregoing; the filing of a petition to take advantage of any debtor's act; the making of a general assignment for the benefit of creditors; or the admission in writing by Borrower of its inability to pay its debts as they become due; or

(d) Should one or more of the representations of Borrower made to induce the making of the loan evidenced by this Note be false.

**REMEDIES UPON DEFAULT.** Upon the occurrence of an Event of Default: (i) the whole sum of principal, accrued interest and all other amounts due under this Note or the Loan Documents may, at the option of Lender, be declared due and payable, with interest thereon to accrue at the Default Rate from the date of the Event of Default; or (ii) Lender may exercise any and all other rights and remedies available under this Note and any other Loan Document, or available at law or equity.

**FINANCIAL AND OTHER INFORMATION.** Borrower shall deliver to Lender such information as Lender may reasonably request from time to time, including without limitation, financial statements and information pertaining to Borrower's financial condition and the financial condition of any guarantor of this Note. Such information shall be true, complete, and accurate. Borrower expressly agrees to provide Lender: (i) Borrower shall deliver to Lender its financial statements, which shall include, but not be limited to, a balance sheet, income statement, and supporting schedules, prepared according to generally accepted accounting principles and reviewed by an accounting firm acceptable to Lender; (ii) any budgets relating to the Property; and (iii) immediate notice of any material change in the condition, financial or otherwise, of the Borrower or any guarantor and of any actual or threatened litigation, which might substantially affect the condition, financial or otherwise, of Borrower or any guarantor.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note and other Loan Documents shall be valid unless in writing and signed by an officer of Lender. No waiver by Lender of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of Lender in exercising any right, power, or remedy under this Note and other Loan Documents shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Except to the extent otherwise provided by the Loan Documents or prohibited by law, Borrower waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, each agrees that Lender may (i) extend, modify or renew this Note or make a novation of the loan evidenced by this Note, and/or (ii) grant releases, compromises or indulgences with respect to any collateral securing this Note or any other Loan Documents, all

without notice to or consent of Borrower, and without affecting the liability of Borrower; provided, Lender may not extend, modify or renew this Note or make a novation of the loan evidenced by this Note without the consent of the Borrower; and further provided Lender may not enter into a modification of this Note which increases the burdens of Borrower without the consent of Borrower.

**INDEMNITY.** Borrower shall indemnify Lender and its officers, directors, employees, affiliates, and agents, and hold them harmless from and against all costs, expenses (including reasonable fees, disbursements, and other charges of counsel, including Lender's counsel), and liabilities of any such indemnified persons arising from or relating to any claim of any litigation or other proceedings (regardless of whether any such indemnified persons or parties thereto) that relate to the financing contemplated herein or any transaction connected therewith.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note and the other Loan Documents shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. Lender's interests in and rights under this Note and the other Loan Documents are freely assignable, in whole or in part, by Lender. In addition, nothing in this Note or any of the other Loan Documents shall prohibit Lender from pledging or assigning this Note or any of the other Loan Documents or any interest therein. Borrower shall not assign its rights and interest hereunder without the prior written consent of Lender, and any attempt by Borrower to assign without Lender's prior written consent is null and void. Any assignment shall not release Borrower from the Obligations. **Applicable Law; Conflict Between Documents.** This Note and, unless otherwise provided in any other Loan Document, the other Loan Documents shall be governed by and construed under the laws of the State of Georgia. If the terms of this Note should conflict with the terms of any loan agreement or any commitment letter that survives closing, the terms of this Note shall control. **Cross Default.** Borrower agrees and understands that a default in any note, loan, or other instrument of indebtedness to Lender may at Lender's discretion serve as a default on notes, loans, or other indebtedness owed by Borrower to Lender. **Jurisdiction.** Borrower irrevocably agrees to non-exclusive personal jurisdiction in the State of Georgia. **Severability.** If any provision of this Note or of the other Loan Documents shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Notices.** Any notices to Borrower shall be sufficiently given, if in writing and mailed or delivered to_____, or such other address as provided hereunder, and to Lender, if in writing and mailed or delivered to_____, or such other address as Lender may specify in writing from time to time. In the event that Borrower changes Borrower's address at any time prior to the date the Obligations are paid in full, Borrower agrees to promptly give written notice of said change of address by registered or certified mail, return receipt requested, all charges prepaid. **Plural; Captions.** All references in the Loan Documents to Borrower, guarantor, person, document or other nouns of reference mean both the singular and plural form, as the case may be, and the term "person" shall mean any individual, person or entity. The captions contained in the Loan Documents are inserted for convenience only and shall not affect the meaning or interpretation of the Loan Documents. **Advances.** Lender may, in its sole discretion, make other advances which shall be deemed to be

advances under this Note, even though the stated principal amount of this Note may be exceeded as a result thereof. **Posting of Payments.** All payments received during normal banking hours after 2:00 p.m. local time at the office of Lender first shown above shall be deemed received at the opening of the next banking day. **Fees and Taxes.** Borrower shall promptly pay all documentary, intangible recordation and/or similar taxes on this transaction whether assessed at closing or arising from time to time. **LIMITATION ON LIABILITY; WAIVER OF PUNITIVE DAMAGES.** EACH OF THE PARTIES HERETO, INCLUDING LENDER BY ACCEPTANCE HEREOF, AGREES THAT IN ANY JUDICIAL, MEDIATION OR ARBITRATION PROCEEDING OR ANY CLAIM OR CONTROVERSY BETWEEN OR AMONG THEM THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENT BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR, (1) INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR (2) PUNITIVE OR EXEMPLARY DAMAGES. EACH OF THE PARTIES HEREBY EXPRESSLY WAIVES ANY RIGHT OR CLAIM TO PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY SUCH PROCEEDING, CLAIM OR CONTROVERSY, WHETHER THE SAME IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE.

**FINAL AGREEMENT.** This Note and the other Loan Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including withough limitation contract and tort disputes, shall be arbitrated pursuant to the financial service rules of J.A.M.S. or its successor in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration preceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of

this arbitration provision. **Waiver of Jury Trial.** THE PARTIES ACKNOWLEDGE THAT BY AGREEING TO BINDING ARBITRATION THEY HAVE IRREVOCABLY WAIVED ANY RIGHT THEY MAY HAVE TO JURY TRIAL WITH REGARD TO A DISPUTE AS TO WHICH BINDING ARBITRATION HAS BEEN DEMANDED. BORROWER AND LENDER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER BORROWER OR LENDER AGAINST THE OTHER.

**PREPAYMENT**: Borrower may prepay this loan in whole or in part without penalty or premium.

**IN WITNESS WHEREOF**, Borrower, on the day and year first above written, has caused this Note to be executed under seal.

Signed, sealed and delivered
in the presence of:

*Deborah Whittington*
Unofficial Witness

*Deborah Whittington*
Notary Public

My commission expires:

June 7, 2016

Brickyard Holdings, LLC
By: _____
Name: Scott Seymour
Title: <u>Manager</u>

[Notary Seal: DEBORAH WHITTINGTON, JUNE 7 2016, FAYETTE CO., GEORGIA, NOTARY PUBLIC]



**TROTTER JONES**LLP
ATTORNEYS AT LAW

James B. Trotter
David C. Jones
James S. V. Weston

March 26, 2018

<u>Via Certified Mail and Regular U.S. Mail</u>
Brickyard Holdings, LLC
c/o Scott Seymour, Registered Agent
7401 Graham Road
Fairburn, Georgia 30213

RE: Robert B. Norland's Claims against Brickyard Holdings, LLC

Dear Mr. Seymour:

Robert B. Norland and Kimberly L. Norland filed for bankruptcy on May 31, 2017. Attached is a copy of the Notice of Chapter 7 Bankruptcy Case. The United State Bankruptcy Court for the Southern District of Georgia has appointed me as Special Counsel for the Trustee to pursue claims and assets of the Norlands' bankruptcy estate. Attached is a copy of the Order Appointing Special Counsel.

The assets and claims of the Norlands' bankruptcy estate include, but are not limited to, the breach of the promissory note dated December 16, 2015 ("the Note"), given by Brickyard Holdings, LLC to Robert Norland in the amount of $145,000.00. A copy of the Note is attached. Brickyard Holdings, LLC has failed to make any payments on the Note and is in default. Please accept this as written notice of Brickyard Holdings, LLC's default. Brickyard Holdings, LLC has ten days from the date of this letter to cure the default.

As a result of Brickyard Holdings, LLC's default, Mr. Norland demands the whole sum of the principal ($145,000.00) due under the Note, accrued interest, attorneys' fees and costs, and all other amounts due under the Note.

Please also accept this as Robert Norland's intent to pursue all remedies for Brickyard Holdings, LLC's default. These remedies include but are not limited to the whole sum of the principal ($145,000.00) due under the Note, attorneys' fees and costs, interest, all other remedies available under the Note, and all other remedies allowed by law and equity.

Please proceed accordingly.

With kind regards,

James S. V. Weston

3527 Walton Way Ext.
Augusta, Georgia 30909
p.(706)737-3138 f.(706)738-3973
www.trotterjones.com

**EXHIBIT B**

March 26, 2018
Page 2

JSVW/ns
Enclosures

cc: Robert Norland (w/ encl.)
    Joseph Mitchell, Esq., Chapter 7 Bankruptcy Trustee (w/ encl.)

| Information to identify the case: | | | |
|---|---|---|---|
| Debtor 1 | Robert B. Norland | Social Security number or ITIN | xxx-xx-2369 |
| | First Name   Middle Name   Last Name | EIN | __-_____ |
| Debtor 2 (Spouse, if filing) | Kimberly L. Norland | Social Security number or ITIN | xxx-xx-1296 |
| | First Name   Middle Name   Last Name | EIN | __-_____ |
| United States Bankruptcy Court   Southern District of Georgia | | Date case filed for chapter 7 | 5/31/17 |
| Case number:   17-10785-SDB | | | |

Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline          12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | About Debtor 2: |
|---|---|---|---|
| 1. | Debtor's full name | Robert B. Norland | Kimberly L. Norland |
| 2. | All other names used in the last 8 years | | |
| 3. | Address | 3526 Evans to Locks Road Augusta, GA 30907 | 3526 Evans to Locks Road Augusta, GA 30907 |
| 4. | Debtor's attorney Name and address | John P. Wills Post Office Box 1620 Thomson, GA 30824 | Contact phone 706-595-8100 Email: fowlerwills@gmail.com |
| 5. | Bankruptcy trustee Name and address | Joseph E. Mitchell, III, Trustee Joseph E. Mitchell, III, P.C. P O Box 2504 Augusta, GA 30903 | Contact phone 706-826-1808 |

For more information, see page 2 >

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case -- No Proof of Claim Deadline**          page 1

Debtor **Robert B. Norland** and **Kimberly L. Norland**                                Case number **17-10785-SDB**

| | | | |
|---|---|---|---|
| 6. | **Bankruptcy clerk's office**<br><br>Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | Federal Justice Center<br>600 James Brown Blvd<br>P.O. Box 1487<br>Augusta, GA 30903 | Hours open Mon-Fri<br>8:30AM-5:00PM<br><br>Contact phone 706-823-6000<br><br>Date: 6/1/17 |
| 7. | **Meeting of creditors**<br><br>Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. | **June 28, 2017 at 02:00 PM**<br><br>The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>*** Valid photo identification required *** | Location:<br><br>**Federal Justice Center - Plaza Bldg, 600 James Brown Blvd - 341 Mtg Rm, Augusta, GA 30901** |
| 8. | **Presumption of abuse**<br><br>If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | The presumption of abuse does not arise. | |
| 9. | **Deadlines**<br><br>The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:**<br><br>**You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | **Filing deadline: 8/28/17** |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |
| 10. | **Proof of claim**<br><br>Please do not file a proof of claim unless you receive a notice to do so. | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. | |
| 11. | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. | |
| 12. | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. | |

Official Form 309A (For Individuals or Joint Debtors) **Notice of Chapter 7 Bankruptcy Case — No Proof of Claim Deadline**                page 2

Case:18-01011-SDB    Doc#:8    Filed:07/10/18    Entered:07/10/18 12:45:26    Page:12 of 20
Case:17-10785-SDB    Doc#:6    Filed:06/01/17    Entered:06/01/17 10:38:25    Page:3 of 3

Debtor: Robert B. Norland                                                    Case Number: 17-10785-SDB

| ADDITIONAL COURT SPECIFIC INFORMATION. | |
|---|---|
| ID Required at Meeting Of Creditors | Debtor's photo ID and Social Security Card must be presented at the Meeting of Creditors. |
| 11 USC 521(i) Automatic Dismissal Deadline | 45 days after the filing of the petition |
| Abandonments of Property | The Trustee will consider abandonments of property at the Meeting of Creditors. Any objections to the Trustee's Abandonments shall be filed and hearing thereon requested within 15 days after said meeting. |
| Multi-Court Voice Case Information System (McVCIS) | An automated response for further information on this case is available 24 hours daily by calling the Multi-Court Voice Case Information System (McVCIS) toll free number 1-866-222-8029, selecting your language, and pressing 42, and then 1, to access the United States Bankruptcy Court for the Southern District of Georgia. Please have the case number, social security number, or debtor name available when calling. In addition, you may also contact the Clerk's Office directly. Please note that McVCIS is NOT the official court record. The official court record continues to be maintained only by the Clerk's Office. |
| Other information | |

For The Court:

*Lucinda Rauback, CLERK*
United States Bankruptcy Court
Federal Justice Center
600 James Brown Blvd
P.O. Box 1487
Augusta, GA 30903

Dated: 6/1/17

**IT IS ORDERED as set forth below:**



Date: **December 11, 2017**

*Susan D. Barrett*
Susan D. Barrett
United States Bankruptcy Judge

---

# UNITED STATES BANKRUPTCY COURT
## Southern District of Georgia

| | |
|---|---|
| In re:<br>**Robert B. Norland and Kimberly L. Norland**<br>Debtors | Case No.: 17-10785-SDB<br>Judge: Susan D. Barrett<br>Chapter: 7 |

## ORDER APPOINTING SPECIAL COUNSEL

The Application of the Trustee for appointment of James S.V. Weston as Special Counsel for the Trustee having been considered and it appearing to the Court that the employment of Special Counsel is necessary and beneficial to this estate,

It further appearing that the Special Counsel has no adverse interest to those of this estate, and that the employment is proper,

IT IS THEREFORE ORDERED that the Trustee is authorized to employ the services of James S.V. Weston as Special Counsel for the Trustee subject to objection by any party in interest within twenty-one (21) days of the date hereof. The compensation of such Special Counsel will be later fixed and determined by the Court in such manner as the Court may from time to time direct after notice to creditors.

**[END OF DOCUMENT]**

B-04e [07-14]

# PROMISSORY NOTE

$145,000.00                                                                                                         December 16, 2015

FOR VALUE RECEIVED, the undersigned, **BRICKYARD HOLDINGS, LLC**, a Georgia limited liability company ("**Borrower**") promises to pay to the order of ROBERT NORLAND ("**Lender**") in lawful money of the United States of America, at its office indicated above or wherever else Lender may specify, the sum of One Hundred Forty Five Thousand and 00/100 Dollars ($145,000.00), or such sum as may be advanced and outstanding from time to time, together with interest on the outstanding unpaid principal balance from the date hereof until December 31, 2016 (the "**Maturity Date**"), at interest rate as set forth herein below (the "**Interest Rate**") upon the terms set forth herein (including all renewals, extensions or modifications hereof, this "**Note**").

**USE OF PROCEEDS.** Borrower shall use the proceeds of the loan(s) evidenced by this Note for the commercial purposes of Borrower, as follows: Purchase of membership shares of Core Ventures, LLC and Powertrain Solutions, LLC

Beginning on January 1, 2016, and on the first day of every month thereafter, Borrower will make a payment of $4,000.00 per month to be deducted from the principal amount. The full remaining balance of principal and interest accrued under this Note shall be paid in full to Lender prior to or upon the Maturity Date.

**DEFAULT RATE.** In addition to all other rights contained in this Note, if a Default (as defined herein) occurs and as long as a Default continues, all outstanding Obligations between Borrower and Lender or its affiliates, shall bear interest at the rate of 16.00% per annum based on the 365/360 Computation ("**Default Rate**"). However, in no event will the interest rate exceed the maximum interest rate limitations under applicable law. The Default Rate shall also apply from acceleration until the Obligations or any judgment thereon is paid in full.

**APPLICATION OF PAYMENTS.** Monies received by Lender from any source for application toward payment of the Obligations shall be applied to accrued interest and then to principal. If a Default occurs, monies may be applied to the Obligations in any manner or order deemed appropriate by Lender.

If any payment received by Lender under this Note or other Loan Documents is rescinded, avoided or for any reason returned by Lender because of any adverse claim or threatened action, the returned payment shall remain payable as an obligation of all persons liable under this Note or other Loan Documents as though such payment had not been made.

**ADDITIONAL DEFINITIONS.** The term "**Loan Documents**", as used in this Note and the other Loan Documents, refers to all documents executed in connection with or related to the loan evidenced by this Note and any prior notes which evidence all or any portion of the loan evidenced by this Note, and any letters of credit issued pursuant to any loan agreement to which

this Note is subject, any applications for such letters of credit and any other documents executed in connection therewith or related thereto, and may include, without limitation, a commitment letter that survives closing, a loan agreement, this Note, guaranty agreements, security agreements, security instruments, financing statements, mortgage instruments, any renewals or modifications, whenever any of the foregoing are executed, but does not include swap agreements (as defined in 11 U.S.C. § 101, as in effect from time to time). The term **"Obligations"**, as used in this Note and the other Loan Documents, refers to any and all indebtedness and other obligations under this Note, all other obligations under any other Loan Document(s), and all obligations under any swap agreements (as defined in 11 U.S.C. § 101, as in effect from time to time) between Borrower and Lender, or its affiliates, whenever executed. All terms that are used but not otherwise defined in any of the Loan Documents shall have the definitions provided in the Uniform Commercial Code.

**LATE CHARGE.** If a payment is 10 days or more late, Borrower will be charged 10.00% of the unpaid portion of the regularly scheduled payment or $100.00, whichever is greater, regardless of any partial payments Lender has received, said late charge being intended as liquidated damages in lieu of actual damages and not as a penalty.

Acceptance by Lender of any late payment without an accompanying late charge shall not be deemed a waiver of Lender's right to collect such late charge or to collect a late charge for any subsequent late payment received.

**ATTORNEYS' FEES AND OTHER COLLECTION COSTS.** Borrower shall pay all of Lender's reasonable expenses actually incurred to enforce or collect any of the Obligations including, without limitation, reasonable arbitration, paralegals', attorneys' fees actually incurred, and experts' fees and expenses, whether incurred without the commencement of a suit, in any trial, arbitration, or administrative proceeding, or in any appellate or bankruptcy proceeding.

**USURY.** If at any time the effective interest rate under this Note would, but for this paragraph, exceed the maximum lawful rate, the effective interest rate under this Note shall be the maximum lawful rate, and any amount received by Lender in excess of such rate shall be applied to principal and then to fees and expenses, or, if no such amounts are owing, returned to Borrower.

**DEFAULT.** The occurrence of any one or more of the following events shall constitute an **"Event of Default"** (each such event being referred to as a "**Default**") hereunder:

(a)  Non-payment of principal or interest due, as applicable, under this Note or any other sum due or otherwise advanced pursuant to any Loan Document by the tenth day of the month following the date said amount is due (a "**Monthly Payment Default**"), provided that Lender shall provide Borrower with 10 days notice, as specifically described in the Loan Documents, to cure a monetary default; or

(b)  Failure to perform or comply with any duty, covenant or obligation of Borrower under this Note or under any Loan Document or any other default by Borrower thereunder (with the exception of a Monthly Payment Default provided for in subparagraph (a) above), including but not limited to, breach of any due-on-sale, due-on-transfer or due-on-encumbrance provisions contained in any Loan Document, provided that Lender

        shall provide Borrower with 30 days notice, as specifically described in the Loan Documents, to cure a non-monetary default; or

(c)    The adjudication of Borrower as a bankrupt or insolvent; the entry of any order appointing a receiver for Borrower or for all or any part of their property; entry of an order approving a petition seeking reorganization of Borrower or other similar relief under the bankruptcy or other similar laws of the United States of America or any other competent jurisdiction; the filing by Borrower of a petition seeking any of the foregoing or consenting to any of the foregoing; the filing of a petition to take advantage of any debtor's act; the making of a general assignment for the benefit of creditors; or the admission in writing by Borrower of its inability to pay its debts as they become due; or

(d)    Should one or more of the representations of Borrower made to induce the making of the loan evidenced by this Note be false.

**REMEDIES UPON DEFAULT.** Upon the occurrence of an Event of Default: (i) the whole sum of principal, accrued interest and all other amounts due under this Note or the Loan Documents may, at the option of Lender, be declared due and payable, with interest thereon to accrue at the Default Rate from the date of the Event of Default; or (ii) Lender may exercise any and all other rights and remedies available under this Note and any other Loan Document, or available at law or equity.

**FINANCIAL AND OTHER INFORMATION.** Borrower shall deliver to Lender such information as Lender may reasonably request from time to time, including without limitation, financial statements and information pertaining to Borrower's financial condition and the financial condition of any guarantor of this Note. Such information shall be true, complete, and accurate. Borrower expressly agrees to provide Lender: (i) Borrower shall deliver to Lender its financial statements, which shall include, but not be limited to, a balance sheet, income statement, and supporting schedules, prepared according to generally accepted accounting principles and reviewed by an accounting firm acceptable to Lender; (ii) any budgets relating to the Property; and (iii) immediate notice of any material change in the condition, financial or otherwise, of the Borrower or any guarantor and of any actual or threatened litigation, which might substantially affect the condition, financial or otherwise, of Borrower or any guarantor.

**WAIVERS AND AMENDMENTS.** No waivers, amendments or modifications of this Note and other Loan Documents shall be valid unless in writing and signed by an officer of Lender. No waiver by Lender of any Default shall operate as a waiver of any other Default or the same Default on a future occasion. Neither the failure nor any delay on the part of Lender in exercising any right, power, or remedy under this Note and other Loan Documents shall operate as a waiver thereof, nor shall a single or partial exercise thereof preclude any other or further exercise thereof or the exercise of any other right, power or remedy.

Except to the extent otherwise provided by the Loan Documents or prohibited by law, Borrower waives presentment, protest, notice of dishonor, demand for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, notice of sale and all other notices of any kind. Further, each agrees that Lender may (i) extend, modify or renew this Note or make a novation of the loan evidenced by this Note, and/or (ii) grant releases, compromises or indulgences with respect to any collateral securing this Note or any other Loan Documents, all

without notice to or consent of Borrower, and without affecting the liability of Borrower; provided, Lender may not extend, modify or renew this Note or make a novation of the loan evidenced by this Note without the consent of the Borrower; and further provided Lender may not enter into a modification of this Note which increases the burdens of Borrower without the consent of Borrower.

**INDEMNITY.** Borrower shall indemnify Lender and its officers, directors, employees, affiliates, and agents, and hold them harmless from and against all costs, expenses (including reasonable fees, disbursements, and other charges of counsel, including Lender's counsel), and liabilities of any such indemnified persons arising from or relating to any claim of any litigation or other proceedings (regardless of whether any such indemnified persons or parties thereto) that relate to the financing contemplated herein or any transaction connected therewith.

**MISCELLANEOUS PROVISIONS. Assignment.** This Note and the other Loan Documents shall inure to the benefit of and be binding upon the parties and their respective heirs, legal representatives, successors and assigns. Lender's interests in and rights under this Note and the other Loan Documents are freely assignable, in whole or in part, by Lender. In addition, nothing in this Note or any of the other Loan Documents shall prohibit Lender from pledging or assigning this Note or any of the other Loan Documents or any interest therein. Borrower shall not assign its rights and interest hereunder without the prior written consent of Lender, and any attempt by Borrower to assign without Lender's prior written consent is null and void. Any assignment shall not release Borrower from the Obligations. **Applicable Law; Conflict Between Documents.** This Note and, unless otherwise provided in any other Loan Document, the other Loan Documents shall be governed by and construed under the laws of the State of Georgia. If the terms of this Note should conflict with the terms of any loan agreement or any commitment letter that survives closing, the terms of this Note shall control. **Cross Default.** Borrower agrees and understands that a default in any note, loan, or other instrument of indebtedness to Lender may at Lender's discretion serve as a default on notes, loans, or other indebtedness owed by Borrower to Lender. **Jurisdiction.** Borrower irrevocably agrees to non-exclusive personal jurisdiction in the State of Georgia. **Severability.** If any provision of this Note or of the other Loan Documents shall be prohibited or invalid under applicable law, such provision shall be ineffective but only to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note or other such document. **Notices.** Any notices to Borrower shall be sufficiently given, if in writing and mailed or delivered to_____, or such other address as provided hereunder, and to Lender, if in writing and mailed or delivered to_____, or such other address as Lender may specify in writing from time to time. In the event that Borrower changes Borrower's address at any time prior to the date the Obligations are paid in full, Borrower agrees to promptly give written notice of said change of address by registered or certified mail, return receipt requested, all charges prepaid. **Plural; Captions.** All references in the Loan Documents to Borrower, guarantor, person, document or other nouns of reference mean both the singular and plural form, as the case may be, and the term "person" shall mean any individual, person or entity. The captions contained in the Loan Documents are inserted for convenience only and shall not affect the meaning or interpretation of the Loan Documents. **Advances.** Lender may, in its sole discretion, make other advances which shall be deemed to be

advances under this Note, even though the stated principal amount of this Note may be exceeded as a result thereof. **Posting of Payments.** All payments received during normal banking hours after 2:00 p.m. local time at the office of Lender first shown above shall be deemed received at the opening of the next banking day. **Fees and Taxes.** Borrower shall promptly pay all documentary, intangible recordation and/or similar taxes on this transaction whether assessed at closing or arising from time to time. **LIMITATION ON LIABILITY; WAIVER OF PUNITIVE DAMAGES.** EACH OF THE PARTIES HERETO, INCLUDING LENDER BY ACCEPTANCE HEREOF, AGREES THAT IN ANY JUDICIAL, MEDIATION OR ARBITRATION PROCEEDING OR ANY CLAIM OR CONTROVERSY BETWEEN OR AMONG THEM THAT MAY ARISE OUT OF OR BE IN ANY WAY CONNECTED WITH THIS AGREEMENT, THE LOAN DOCUMENTS OR ANY OTHER AGREEMENT OR DOCUMENT BETWEEN OR AMONG THEM OR THE OBLIGATIONS EVIDENCED HEREBY OR RELATED HERETO, IN NO EVENT SHALL ANY PARTY HAVE A REMEDY OF, OR BE LIABLE TO THE OTHER FOR, (1) INDIRECT, SPECIAL OR CONSEQUENTIAL DAMAGES OR (2) PUNITIVE OR EXEMPLARY DAMAGES. EACH OF THE PARTIES HEREBY EXPRESSLY WAIVES ANY RIGHT OR CLAIM TO PUNITIVE OR EXEMPLARY DAMAGES THEY MAY HAVE OR WHICH MAY ARISE IN THE FUTURE IN CONNECTION WITH ANY SUCH PROCEEDING, CLAIM OR CONTROVERSY, WHETHER THE SAME IS RESOLVED BY ARBITRATION, MEDIATION, JUDICIALLY OR OTHERWISE.

**FINAL AGREEMENT.** This Note and the other Loan Documents represent the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.

**ARBITRATION.** Borrower and Lender agree that all disputes, claims and controversies between them whether individual, joint, or class in nature, arising from this Note or otherwise, including withough limitation contract and tort disputes, shall be arbitrated pursuant to the financial service rules of J.A.M.S. or its successor in effect at the time the claim is filed, upon request of either party. No act to take or dispose of any collateral securing this Note shall constitute a waiver of this arbitration agreement or be prohibited by this arbitration agreement. This includes, without limitation, obtaining injunctive relief or a temporary restraining order; invoking a power of sale under any deed of trust or mortgage; obtaining a writ of attachment or imposition of a receiver; or exercising any rights relating to personal property, including taking or disposing of such property with or without judicial process pursuant to Article 9 of the Uniform Commercial Code. Any disputes, claims, or controversies concerning the lawfulness or reasonableness of any act, or exercise of any right, concerning any collateral securing this Note, including any claim to rescind, reform, or otherwise modify any agreement relating to the collateral securing this Note, shall also be arbitrated, provided however that no arbitrator may be entered in any court having jurisdiction. Nothing in this Note shall preclude any party from seeking equitable relief from a court of competent jurisdiction. The statute of limitations, estoppel, waiver, laches, and similar doctrines which would otherwise be applicable in an action brought by a party shall be applicable in any arbitration preceeding, and the commencement of an arbitration proceeding shall be deemed the commencement of an action for these purposes. The Federal Arbitration Act shall apply to the construction, interpretation, and enforcement of

this arbitration provision. **Waiver of Jury Trial.** THE PARTIES ACKNOWLEDGE THAT BY AGREEING TO BINDING ARBITRATION THEY HAVE IRREVOCABLY WAIVED ANY RIGHT THEY MAY HAVE TO JURY TRIAL WITH REGARD TO A DISPUTE AS TO WHICH BINDING ARBITRATION HAS BEEN DEMANDED. BORROWER AND LENDER HEREBY WAIVE THE RIGHT TO ANY JURY TRIAL IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM BROUGHT BY EITHER BORROWER OR LENDER AGAINST THE OTHER.

**PREPAYMENT**: Borrower may prepay this loan in whole or in part without penalty or premium.

**IN WITNESS WHEREOF**, Borrower, on the day and year first above written, has caused this Note to be executed under seal.

Signed, sealed and delivered
in the presence of:

_____
Unofficial Witness

_____
Notary Public

My commission expires:

June 7, 2016

Brickyard Holdings, LLC

By: _____
Name: Scott Seymour
Title: Manager

*[Notary Seal: Deborah Whittington, My Commission Expires June 7, 2016, Fayette Co., Georgia, Notary Public]*